JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GREAT NORTHERN INSURANCE COMPANY :
a/s/o PETER KALIKOW,                :   Civil Action No.
                                    :   07 Civ. 9918
            Plaintiff,              :
                                    :
    - against -                     :
                                    :   **ANSWER OF DEFENDANT**
SINGAPORE AIRLINES CARGO PTE LTD &  :   **SINGAPORE AIRLINES**
MARTIN E. BUTTON, INC,              :   **CARGO PTE LTD**
                                    :
            Defendants.             :
------------------------------------x

       Defendant SINGAPORE AIRLINES CARGO PTE LTD (hereinafter referred to as "SINGAPORE"), by and through its attorneys Condon & Forsyth LLP, for its Answer to the Complaint, alleges upon information and belief:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 7 inclusive of the Complaint, except admits that SINGAPORE is a foreign corporation organized and existing under and by virtue of the laws of the Republic of Singapore.

       2.    Denies the allegations in paragraphs 8 of the Complaint.

       3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9 and 10 of the Complaint.

**AS AND FOR A FIRST
AFFIRMATIVE DEFENSE**

       4.    The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Convention for Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May

18, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep 27,400-59, 1999 WL 33292734 (1999) ("Montreal Convention"), and the rights of the parties to this litigation are governed by the provisions of said Montreal Convention.

5. Pursuant to Article 26 of the Montreal Convention and defendant SINGAPORE's conditions of carriage, plaintiff's action is barred because, upon information and belief, plaintiff failed to dispatch timely written notice to defendant of the damages alleged in the Complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Defendant repeats, reiterates and realleges each and every allegation in paragraph 3 of this Answer with the same force and effect as if herein set forth in full.

7. Pursuant to Article 22 of the Montreal Convention and SINGAPORE's conditions of carriage, the liability of defendant SINGAPORE, if any, is limited.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Defendant repeats, reiterates and realleges each and every allegation in paragraph 3 of this Answer with the same force and effect as if herein set forth in full.

9. Pursuant to the relevant Articles of the Warsaw Convention, defendant SINGAPORE is not liable to plaintiff or, in the alternative, SINGAPORE's liability is limited.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Upon information and belief, the alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom defendant SINGAPORE had no control at any time relevant

hereto, and in the event SINGAPORE is found liable to plaintiff, which liability is expressly denied, SINGAPORE will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS FOR A FIFTH
### AFFIRMATIVE DEFENSE

11.   The Complaint fails to state a cause of action upon which relief can be granted.

WHEREFORE, defendant SINGAPORE AIRLINES CARGO PTE LTD demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting liability as aforementioned, together with costs, disbursements and such other and further relief as this Court deems just and proper.

CONDON & FORSYTH LLP

By _____
Stephen J. Fearon (SF 8740)
A Partner of the Firm
7 Times Square
New York, New York 10036
(212) 490-9100

Attorneys for Defendant
SINGAPORE AIRLINES CARGO PTE LTD

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

Samia Flecha, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Weehawken, New Jersey. That on the 8th day of November, 2007 deponent served the within **ANSWER OF DEFENDANT SINGAPORE AIRLINES CARGO PTE LTD** upon:

| | |
|---|---|
| Allen D. Werter, Esq. | Martin E. Button, Inc. |
| Attorney for Plaintiff | 55 New Montgomery Street # 400 |
| 215 East Main Street, Suite 203 | San Francisco, CA 94105-3412 |
| Huntington, New York 11743 | |

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Samia Flecha

Sworn to before me this
8th day of November, 2007

_____
Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010