UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o PETER KALIKOW, | 07 CIV 9918 (MHD) |
| Plaintiff, | |
| -against- | JOINT PRE-TRIAL ORDER |
| SINGAPORE AIRLINES CARGO PTE LTD & MARTIN E. BUTTON, INC., | |
| Defendants. | |

------------------------------------------------------------X

TRIAL COUNSEL

Gerard D. De Santis, Esq.
Attorney for Plaintiff
Law Offices of Gerard D. De Santis, Esq.
One Old Country Road, Suite 276
Carle Place, NY 11514
Tel: (516) 739-1000
Fax: (516) 739-1006

Stephen J. Fearon, Esq.
Bartholomew J. Banino, Esq.
Attorneys for the Defendant
Condon & Forsyth, LLP
7 Times Square
New York, NY 10036
Tel: (212) 490-9100
Fax: (212) 370-4453

1. The parties agree that the subject matter jurisdiction of this court is proper as the subject matter of this action arises under a treaty of the Untied States, the Montreal Convention. The above-captioned action was removed from the Supreme Court of the State of New York, County of New York to this Court by the defendant on or about November 8, 2007 pursuant to the provisions of

§28 U.S.C. 1331. This action has been discontinued as to the co-defendant Martin E. Button, Inc. as of November 2, 2007.

2. Plaintiff contends that the subject damaged motor vehicle, a classic 1959 Ferrari 410 Superamerica Series III coupe that had been in Switzerland for transport back to the United States after it had competed in an auto show in Italy, was negligently damaged by the defendant as part of its transport of the vehicle. The Ferrari was delivered to the defendant in late April 2006 and flown from Berne, Switzerland to John F. Kennedy Airport, where it arrived, upon information and belief, on May 2, 2006. It was picked up on May 3, 2006 at the airport by Mr. Mark J. Aglora, who is the curator of the plaintiff's insured's collection of classic automobiles. Mr. Aglora discovered that the painted surface of the Ferrari was speckled with numerous spots made by an unknown liquid substance. The damages of this sort were so extensive that a complete repainting of the entire vehicle was required. A small dent was also found in the front bumper of the car. In this situation, the vehicle was in the sole custody and control of the defendant Singapore when the vehicle was damaged. Damages to the plaintiff's subrogor's vehicle were in the amount of $32,157.50 and plaintiff was compelled to pay out upon its policy of insurance taken out by its subrogor as a result of the aforementioned damages in that amount. Plaintiff is within its rights to sue for the damages under the Warsaw and Montreal Conventions.

Defendant contends that the issue to be tried is whether the automobile transported by the defendant from Berne, Switzerland, to New York in April and May 2006 was actually damaged while it was in the defendant's possession.

3. This action is to be tried without a jury. We anticipate that this trial will require 1 to 2 days to complete.

5. All parties have consented to trial of this action by a magistrate judge.

6. Plaintiff will present to the Court two witnesses, both of whom will testify in person. The first witness will be Mr. Mark J. Aglora, who received the subject Ferrari automobile from the defendant and discovered the damages to same. The second will be Mr. James Oliveri, an employee of the plaintiff insurance carrier who appraised the damages and who will testify as to same. Defendant intends to present Ms. Maggie Zhang from Singapore Airlines Cargo and Mr/s. Johnson from Swissport Cargo as witnesses and they will testify in person.

7. Neither plaintiff nor defendant will offer deposition testimony at this trial.

8. Plaintiff will offer as exhibits in this action:

    b)      Preliminary Claim Advice to the defendant dated May 5, 2006.
    b)      Automobile Inspection Form made by the defendant's agent Swissport Cargo Services dated May 2, 2006.
    c)      Estimates for the repair of the subject Ferrari
    d)      Color photographs of the damaged Ferrari
    e)      Proof of payment by plaintiff to its subrogor by check #000002765425 in the amount of $30,157.50.

  f)  Letter of Bartholomew J. Banino, Esq. to plaintiff's attorney dated March 28, 2008.
  g)  Defendant's Notice to Admit dated May 7, 2008.
  h)  Undated letter of Singapore Airlines to CSS Logistics concerning draining of fuel
  i)  Air Waybill
  j)  Shipper's Declaration of Dangerous Goods

Defendant intends to rely upon the same exhibits as plaintiff, as well as:

  a)  Letter dated December 19, 2006 from Ms. Maggie Zhang of Singapore Airlines Cargo to Ms. Sandra Wright of Chubb Group Insurance Companies
  b)  Delivery Receipt signed on May 2, 2006
  c)  Delivery Order dated May 2, 2006
  d)  Plaintiff's responses to defendant's Notice to Admit, dated June 2, 2006
  e)  Invoices for actual repair costs for the subject automobile

9.  Agreed Statements of Law:

The transportation out of which this action arose was "international carriage" within the meaning of the Convention for Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 18, 1999, and commonly known as the Montreal Convention.

10.  Agreed Statements of Fact:

The automobile which is the subject matter of this action was transported from Berne, Switzerland to John F. Kennedy Airport in April and May 2006.

On or about May 3, 2006, Mark J. Aglora, picked up the subject vehicle from Swissport Cargo, the ground handling agent for defendant Singapore Airlines at JFK.

Mark J. Aglora signed a delivery receipt when he picked up the subject automobile at JFK.

Mark J. Aglora signed the delivery receipt under the notification "Received in good order and condition."

At the time Mark J. Aglora picked up the subject automobile, he was either employed by plaintiff's subrogor, Peter Kalikow.

_____
Gerard D. De Santis, Esq.
Attorney for Plaintiff
Law Offices of Gerard D. De Santis, Esq.
One Old Country Road, Suite 276
Carle Place, NY 11514
Tel: (516) 739-1000
Fax: (516) 739-1006

_____
Stephen J. Fearon, Esq.
Bartholomew J. Banino, Esq.
Attorneys for the Defendant
Condon & Forsyth, LLP
7 Times Square
New York, NY 10036
Tel: (212) 490-9100
Fax: (212) 370-4453

Dated: New York, New York

SO ORDERED.

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE